# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN J. LATZANICH, II, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:17-2389 |
| v. | : | (JUDGE MANNION) |
| JAMES HARDIE BUILDING PRODUCTS, INC., d/b/a JAMES HARDIE INDUSTRIES, LTD., d/b/a CEMPLACK, and DOES 1-20, | : | |
| Defendants | : | |

# **O R D E R**

Pending before the court is the report of Magistrate Judge William I. Arbuckle, (Doc. 12), which recommends that the plaintiff's motion to remand, (Doc. 9), be granted, and defendant Hardie's[1] motion to dismiss the plaintiff's complaint, (Doc. 5), be dismissed as moot. Defendant Hardie has filed objections to the report, (Doc. 13), along with a supporting brief, (Doc. 14). Upon review, the court will adopt the report of Judge Arbuckle, as discussed below.

On November 21, 2017, the plaintiff filed the instant action against

---

[1] As noted by Judge Arbuckle, although the plaintiff collectively lists as defendants in the caption of his complaint James Hardie Building Products, Inc., d/b/a James Hardie Building Products, Inc., d/b/a Cemplank, he clarifies that he is actually referring to a single entity, to which this court will refer to as "defendant Hardie." The plaintiff also lists as defendants "Does 1-20." However, he does not mention these defendants anywhere in his complaint.

defendant Hardie in the Court of Common Pleas of Monroe County, in which he sets forth several claims relating to allegedly defective siding which was placed on his home. (Doc. 1-1). On December 22, 2017, defendant Hardie filed a notice of removal to this court. (Doc. 1). Thereafter, on January 12, 2018, defendant Hardie filed a motion to dismiss the plaintiff's complaint for failure to state a claim upon which relief can be granted. (Doc. 5). A brief in support of the motion to dismiss was filed on January 17, 2018. (Doc. 7). The plaintiff filed a brief in opposition to the motion to dismiss on February 1, 2018, (Doc. 10), and defendant Hardie followed with a reply brief on February 12, 2018, (Doc. 11).

In the meantime, on January 16, 2018, the plaintiff filed a motion to remand the matter to state court. (Doc. 9). The plaintiff did not file a separate brief in support of the motion but, instead, included his legal arguments in support of remand in the motion to remand itself. Defendant Hardie did not respond to the motion for remand.

On July 30, 2018, Judge Arbuckle issued the instant report, in which he recommends that the plaintiff's motion for remand be granted and that the defendant's motion to dismiss be dismissed as moot. In doing so, Judge Arbuckle noted that the plaintiff had explicitly and repeatedly waived his right to recover more than a total of $74,000 in his original complaint. Judge Arbuckle also found that the defendant had misinterpreted the value of the

plaintiff's damages, in that the waiver of any amount over $74,000 did not amount to the plaintiff claiming damages of $74,000. Judge Arbuckle further noted that the defendant did not make any allegation of bad faith on the part of the plaintiff in limiting his damages to an amount not to exceed $74,000. Defendant Hardie has filed objections to Judge Arbuckle's report.

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not,

the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

Defendant Hardie has objected to Judge Arbuckle's report arguing that, contrary to the mandates of Local Rule, ("L.R."), 5.1, the plaintiff failed to file a brief in support of his motion to remand and, as such, the motion is deemed withdrawn in accordance with L.R. 7.4, which provides that if "a supporting brief is not filed within the time provided in this rule the motion shall be deemed withdrawn." Defendant Hardie argues that it would be prejudiced by any consideration of the plaintiff's motion to remand because it did not have an opportunity to respond to the motion it deemed withdrawn.[2]

Upon review, the plaintiff did brief his motion for remand, although he did so improperly by incorporating his legal arguments into the motion itself, instead of filing a separate document. While the court certainly does not condone the plaintiff's failure to follow the Local Rules of this court[3] and would advise the plaintiff to become familiar with, and follow, the Local Rules for all

---

[2]Defendant Hardie provides that the plaintiff should not be excused from following the Local Rules because, even though he is proceeding pro se, he is a retired attorney out of the State of California. (Doc. 14, p. 5). A review of the State Bar of California attorney registry confirms this information.

[3]It is noted that the plaintiff also failed to file a certificate of service in accordance with L.R. 4.2 and a certificate of concurrence/non-concurrence in accordance with L.R. 7.1.

4

future purposes, in its discretion,[4] the court will not deem the plaintiff's motion to remand withdrawn for failure to file a brief where the brief is incorporated into his motion.[5]

To the extent that defendant Hardie argues that it would be prejudiced by the court's consideration of the plaintiff's motion to remand because it did not have an opportunity to respond to the motion, a review of the motion would have put defendant Hardie on notice of the plaintiff's legal arguments in support of his motion for remand and defendant Hardie could have either sought guidance from the court with respect to the motion, or simply responded to the motion, if it chose to do so. In any event, defendant Hardie had the opportunity to raise any challenge to remand by way of its objections to Judge Arbuckle's report recommending that the plaintiff's motion for remand be granted.

In considering the matters before the court, because federal district courts are courts of limited jurisdiction, the removal statutes are strictly

---

[4] Pursuant to L.R. 1.3, the court, in its discretion, may suspend application of the rules in individual cases.

[5] The court further notes that, where it appears from the face of the complaint that the court lacks subject matter jurisdiction over the plaintiff's claims, the court has the authority to remand the matter, *sua sponte*, even without consideration of the plaintiff's motion to remand. See Liberty Mut. Ins. Co. v. Ward Trucking Corp., 48 F.3d 742, 750 (3d Cir. 1995) ("Federal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction and to decide the issue *sua sponte* . . .").

5

construed against removal. e.g., American Fire & Casualty Co. v. Finn, 341 U.S. 6 (1951); Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992) (citations omitted); LaChemise Lacoste v. Alligator Co., 506 F.2d 339 (3d Cir. 1974). If there are any doubts as to substantive and procedural jurisdictional prerequisites, they must be resolved in favor of remand, e.g., Abels v. State Farm Fire & Casualty Co., 770 F.2d 26, 29 (3d Cir. 1985); Sterling Homes, Inc. v. Swope, 816 F.Supp. 319, 323 (M.D. Pa. 1993).

Under 28 U.S.C. § 1441(a), a defendant may remove an action brought in state court to federal district court if the claims fall within the scope of federal jurisdiction. See 28 U.S.C. §1441(a); Allbritton Commc'ns Co. v. NLRB, 766 F.2d 812, 820 (3d Cir.1985). The removing defendant bears the heavy burden of persuading the court to which the state action was removed that it has jurisdiction under the removal statutes. Batoff, 977 F.2d at 851; Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990), cert. denied, 498 U.S. 1085 (1991).

Removability is to be determined "only by reference to the plaintiff's initial pleadings," Swope, 816 F.Supp. at 323 (citations omitted), at the time of filing the petition for removal. Abels, 770 F.2d at 29. In considering the pleadings, the court is mindful that the plaintiff is the "master of the case" and may limit the claims in the complaint to keep the amount in controversy below the jurisdictional threshold. Morgan v. Gay, 471 F.3d 469, 474 (3d Cir. 2006)

(internal quotations and citation omitted). Moreover, the sum claimed by the plaintiff controls, if the claim is apparently made in good faith. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938).

As set forth by Judge Arbuckle, the plaintiff, on numerous occasions throughout his complaint, stated that his claims, including all monetary and injunctive relief, do not exceed $74,000, and he specifically limited the total amount of all relief to an amount not to exceed $74,000. Moreover, to the extent any judge or jury would find he was otherwise entitled, the plaintiff has specifically waived any right to relief in an amount above $74,000. (Doc. 1-1, ¶¶71-72, 82-83, 89, 92, Prayer for Relief ¶¶ 1-2, 6). As indicated, the plaintiff is entitled as the master of his complaint to limit the amount damages he claims and, unless there is some claim of bad faith, the plaintiff's claim of damages controls. Nowhere in its filings, even after Judge Arbuckle made the same observation, does defendant Hardie argue that the sums claimed by the plaintiff were made in bad faith.

Further, although the plaintiff uses the conjunction "and" in the request for relief section of his complaint, a reading of the complete complaint indicates that the plaintiff does, in fact, request alternative remedies, neither of which exceed the $75,000 jurisdictional threshold. To this extent, the plaintiff indicates that he seeks to recover the costs to replace and paint the defective portions of the siding, or in the alternative, have the siding

completely replaced with a non-defective product.⁶ (Doc. 1-1, pp. 15-16).⁷ Within his complaint, the plaintiff specifically seeks to be reimbursed for the cost of painting the defective siding in an amount of $4,100 (Doc. 1-1, p. 3) and to install channels in an amount of $2,000 (Doc. 1-1, p. 15), and to have the defective siding repainted every four to five years at a cost of approximately $20,000 (Doc. 1-1, p. 4), or have new non-defective siding placed on the entire house, including the cost of labor, paint and disposal in the amount of approximately $30,000 (Doc. 1-1, pp. 27-28). As previously discussed, the plaintiff avers that the total of these amounts added to the unspecified amount for repair of damage to the underlying structure or adjoining property, and any other monetary damages and injunctive relief, does not exceed $74,000.⁸

---

⁶Common sense dictates that, if the plaintiff obtains the relief of having his siding completely replaced with a non-defective product, there would be no need for the alternative remedy of replacing and painting the defective portions of siding.

⁷The plaintiff also seeks attorney's fees. As the plaintiff is proceeding pro se, he is not entitled to recover attorney's fees, even if he is an attorney himself. It is well-settled that pro se litigants are not entitled to recover attorney's fees, even if the pro se litigant is an attorney. See Spencer v. Varano, 2018 WL 3352655, at *10 (M.D.Pa. July 9, 2018) (citing Kay v. Ehrler, 499 U.S. 432, 435-37 (1991); Zucker v. Westinghouse Elec., 374 F.3d 221, 225-30 (3d Cir. 2004); Sorto v. Dep't of Homeland Sec., 2013 WL 4543240, at *2 (M.D.Pa. 2013)).

⁸Defendant Hardie argues that Judge Arbuckle failed to account for the
(continued...)

For all of the foregoing reasons, the court finds that the damages sought in the plaintiff's complaint, including the monetary and injunctive relief, does not meet the jurisdictional prerequisite for removal of the action to this court. As such, the motion for remand will be granted and defendant Hardie's motion to dismiss will be dismissed as moot.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** Defendant Hardie's objections to the report of Judge Arbuckle, **(Doc. 13, Doc. 14)**, are **OVERRULED**.

**(2)** The report and recommendation of Judge Arbuckle, **(Doc. 12)**, is **ADOPTED**, as discussed.

**(3)** The plaintiff's motion to remand, **(Doc. 9)**, is **GRANTED**.

**(4)** Defendant Hardie's motion to dismiss, **(Doc. 5)**, is **DISMISSED AS MOOT**.

---

[8](...continued)
relief sought for damage to the underlying structure or to adjoining property. However, the plaintiff did account for such relief in his complaint and it is the plaintiff's complaint to which the court looks in determining removability. Although the plaintiff did not put a specific monetary amount on said relief, the plaintiff indicated that the total relief, even accounting for said damage, does not exceed $74,000, and that he would specifically waive any amount found by a judge or jury to be over that amount.

**(5)** The instant action is remanded to the Court of Common Pleas of Monroe County for all further proceedings.

**(6)** The Clerk of Court is directed to **CLOSE THIS CASE**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: September 7, 2018**

O:\Mannion\shared\ORDERS - DJ\CIVIL ORDERS\2017 ORDERS\17-2389-01.wpd